**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SHARON GARDNER,<br>    Plaintiff, | : <br> : <br> : | Case No. 3:24-cv-1274 (OAW) |
| v. | : <br> : <br> : | |
| WARDEN, FCI DANBURY,<br>    Respondent. | : <br> : <br> : | September 10, 2024 |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS**

Self-represented Petitioner Sharon Gardner filed this Emergency Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") application of her First Step Act ("FSA") earned time credits. In response to the court's order to show cause, Respondent, the Warden of FCI Danbury, where Petitioner is housed, contends that BOP properly has calculated all of Petitioner's such credits. For the following reasons, the court agrees with Respondent, and thus Petitioner's Emergency Petition for a Writ of Habeas Corpus is **DENIED.**

**I.    BACKGROUND**

Petitioner was convicted in the Eastern District of New York of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1349 and 1343. ECF No. 8-2 at 1. Petitioner was sentenced to six months' imprisonment and two years' supervised release. *Id.* at 2–3. Petitioner self-surrendered to FCI Danbury on May 6, 2024, to begin serving her six-month prison sentence. ECF No. 8-3 at 2 ¶ 7. Because she was sentenced to less than one year in prison, she is not eligible for good conduct credit. *See* 18 U.S.C. §

1

3624(b)(1) (stating that good conduct credit only is available to prisoners serving more than one year in prison).  However, Petitioner has been accruing FSA earned time credits since reporting to prison.  ECF No. 8-3 at 2 ¶ 9.  If Petitioner earns all the FSA credits she is projected to earn, her release date will be September 20, 2024.  *See id.* at 3 ¶ 14.

On August 1, 2024, Petitioner filed an Emergency Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1 at 1.  In it, she expresses concern that certain FSA credits will not be awarded, "resulting in the Petitioner being incarcerated longer than is required."  *Id.*  Thus, Petitioner asks the court to "order the BOP to award her earned FSA Credits for 8/5/24–9/4/24 between 9/5/24-9/19/24 and release the Petitioner on 9/20/24."  *Id.* at 2.  Respondent seeks denial of Petitioner's habeas petition because Petitioner's FSA credits are being correctly calculated, and because Respondent expects that Petitioner will be released on September 20, 2024.  *See* ECF No. 8 at 2.

II.  **LEGAL STANDARD**

A federal prisoner may petition for habeas relief if she is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of [her] sentence, but challenges instead its execution subsequent to [her] conviction."  *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (internal citations omitted).  Accordingly, a petition arising under section 2241 is the appropriate vehicle for challenging the computation of a prisoner's sentence as well as prison officials' imposition of disciplinary sanctions, including the loss of good-time credits.

*See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (citations omitted). The petitioner "bears the burden of proving that [she] is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy [her] burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

**III.   DISCUSSION**

The FSA encourages federal inmates to participate in evidence-based recidivism reduction programs ("EBRRs") and other productive activities ("PAs") by providing time credits to an inmate who successfully completes such programs. *See* 18 U.S.C. § 3632(d)(4)(C); 28 C.F.R. § 523.40(b); *Dailey v. Pullen*, No. 3:22-CV-1121 (SRU), 2023 WL 3456696, at *2 (D. Conn. May 15, 2023). Eligible inmates earn either ten or fifteen days of FSA time credits for every thirty days of successful participation in EBRRs or PAs. 18 U.S.C. § 3632(d)(4)(A).

Petitioner and Respondent agree that, assuming Petitioner receives all FSA credits for which she is eligible, she should be released on September 20, 2024. *Compare* ECF No. 1 at 2, *with* ECF No. 8 at 5 (both anticipating a September 20, 2024, release date). Thus, there is no real dispute for the court to resolve. Petitioner's credits appropriately are being calculated, but those credits will not show on Petitioner's calculation sheet until completion of such programming. *See* 18 U.S.C. § 3632(d)(4)(A) (stating that "[a] prisoner…who *successfully completes* evidence-based recidivism reduction programming or productive activities, shall earn time credits…") (emphasis added).

3

## IV. **CONCLUSION**

Because Petitioner and Respondent agree that Petitioner should be released on September 20, 2024, if she completes her FSA programming, Petitioner has not met her burden of proving by a preponderance of the evidence that she is being held contrary to law. *Skaftouros*, 667 F.3d at 158. Accordingly, Petitioner's Emergency Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED.**

IT IS SO ORDERED at Hartford, Connecticut, this 10th day of September, 2024.

                                          /s/
                                 Omar A. Williams
                                 United States District Judge